NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2945
_____

UNITED STATES OF AMERICA

v.

RAHEEM MCCLELLAN,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-04-cr-00191-001)
District Judge:  Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
February 17, 2011

Before:  SLOVITER and HARDIMAN, *Circuit Judges* and JONES[*], *District Judge*

(Filed: February 18, 2011)

_____

OPINION OF THE COURT
_____

[*]The Honorable C. Darnell Jones, District Judge for the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

HARDIMAN, *Circuit Judge*.

Raheem McClellan appeals the judgment of sentence imposed by the District Court following his plea of guilty pursuant to a plea agreement. His counsel has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and McClellan declined to submit a pro se brief. We will grant counsel's motion and affirm the judgment of the District Court. [1]

I

When counsel files a motion pursuant to *Anders*, we determine whether: (1) counsel adequately fulfilled the *Anders* requirements and (2) an independent review of the record presents any nonfrivolous issues. *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000).

To meet the first prong, appointed counsel must examine the record, conclude that there are no nonfrivolous issues for review, and request permission to withdraw. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Counsel must accompany a motion to withdraw with a "brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Counsel need not raise and reject every possible claim, but must, at a minimum, meet the "conscientious examination" standard set forth in *Anders*. *Youla*, 241 F.3d at 300.

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

McClellan's counsel filed a motion to withdraw along with an *Anders* brief in which he identifies one arguably valid issue for appeal—the denial of McClellan's motion for sentence reduction—which counsel demonstrates to be frivolous. Our independent review of the record likewise finds no issues for appeal because McClellan explicitly waived his right to appeal in a valid plea agreement.

On April 6, 2005, McClellan pleaded guilty, pursuant to a written plea agreement, to a charge of conspiracy to distribute and to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. The plea agreement included a stipulated sentence of 108 months imprisonment. App. 21. The Probation Office prepared a Presentence Investigation Report (PSR), which calculated McClellan's total Offense Level as 29 and his Criminal History Category as VI—because his past criminal activity meant he was a Career Offender, as defined in U.S.S.G. § 4B1.1—yielding an advisory Guidelines sentencing range of 151 to 188 months. The PSR also noted the existence of the plea agreement and stipulated sentence. On July 7, 2005, the District Court sentenced McClellan to the agreed-upon sentence of 108 months imprisonment, three years supervised release, and a special assessment of $100.

Almost three years later, on June 24, 2008, McClellan filed a pro se motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), in light of the United States Sentencing Commission's Amendments 706 and 711, which reduced the base offense level for most crack cocaine offenses. *See* USSG § 1B1.10 (Amendments 706, 711,

3

among others, are to be applied retroactively). The District Court denied McClellan's

motion, noting that he had been sentenced pursuant to a plea agreement and that, because

his Guidelines range was governed by his career offender status, the amendments to the

crack guidelines did not affect his sentencing range.[2] Our precedent makes clear that a

District Court has no jurisdiction under 18 U.S.C. § 3582(c)(2) to modify the prison

sentence of a career offender whose Guidelines range was not lowered by the

amendments to the crack cocaine guidelines. *United States v. Mateo*, 560 F.3d 152 (3d

Cir. 2009). Therefore, the District Court properly denied McClellan's 18 U.S.C. §

3582(c)(2) motion.

Our independent review of the record reveals no nonfrivolous issues for appeal

because McClellan explicitly waived his right to appeal in a valid plea agreement.

McClellan's plea agreement states that he:

> knowingly waives the right to appeal any conviction and sentence,
> including a sentence imposed within the statutory maximum, on any and all
> grounds set forth in Title 18, United States Code, Section 3742 or any other
> grounds, constitutional or non-constitutional, . . . so long as [McClellan]
> receives a sentence of 108 months in prison, a period of supervised release
> of 3 years and a special assessment of $100.00.

App. 27. Such a waiver is binding, so long as it was knowing and voluntary and does not

work a miscarriage of justice. *See United States v. Mabry*, 536 F.3d 231, 236-37 (3d Cir.

---

[2] Had the District Court recalculated his Guidelines range based on the new crack cocaine guidelines, McClellan's total offense level would have been 27, which, with a Criminal History Category of VI, would have yielded a Guidelines range of 130-162 months.

4

2008).  A review of the record reveals no indication that McClellan's plea agreement, or the waiver of his appeal rights contained therein, was entered into unknowingly or involuntarily.  Nor would enforcing it constitute a miscarriage of justice.  Indeed, McClellan received a significant benefit from the agreement, and his sentence was 22 months shorter than the bottom of what would have been his recalculated Guidelines range.

## II

We find that counsel has adequately shown that there are no nonfrivolous appealable issues, thereby meeting the requirements of the first prong of *Anders*.

As for the second prong of *Anders*, our independent review of the record reveals that there are no appealable issues of merit.

Accordingly, we will affirm the judgment of the District Court and, in a separate order, grant counsel's motion to withdraw pursuant to *Anders*.